NO. 07-10-00489-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 19, 2011

CARLOS LAMONT FISHER, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 7369; HONORABLE LEE WATERS, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**CONCURRING OPINION**

I agree with the Court that appellant Carlos Lamont Fisher, Jr. has not preserved his appellate complaint for our review. I also agree with the Court that the trial court did not err in its conclusion that the 180-day speedy trial period applied in this case rather than the 120-day period, but for a more narrow reason than some of those the Court finds persuasive. In my view, we have no need in this case to decide whether the speedy trial provisions of Article IV of the Interstate Agreement on Detainers trump those of Article III when both articles have played a role in the transfer of a prisoner to Texas from another state. *See, e.g.*, *State v. Almly,* 216 Ariz. 41, 45, 162 P.3d 680, 684

(Ariz. Ct. App. 2007); *Ullery v. State,* 1999 OK CR 36, ¶ 9, 988 P.2d 332, 340-41 (describing approaches adopted by various states).

Although Gray County sent to Missouri an IADA form V (request for temporary custody), it seems clear from the other documentation in the record that from the time appellant signed the IADA form II (inmate's notice of place of imprisonment and request for disposition of indictments, informations or complaints), Missouri authorities treated the case as one proceeding under Article III.  The only offer extended by Missouri authorities to deliver temporary custody of appellant to Gray County, via the IADA form IV, refers to the request as one initiated by the inmate, not one effected pursuant to the Gray County request.  And Texas accepted that offer by its execution of IADA form VII (prosecutor's acceptance of temporary custody offered with an inmate's request for disposition of detainer), signed by our state's Agreement Coordinator in Huntsville, Texas.  Because the trial court had before it evidence that appellant was returned to Texas by virtue of his request for speedy disposition of the Gray County charges, made under Article III, it did not err by concluding the 180-day time period of Article III applied. For the reasons stated, I concur in the judgment of the Court.


James T. Campbell
Justice

Publish.


2